IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARK C. HUGGINS, | ) | |
| | ) | C/A No.  2:26-cv-03004-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORIGINAL COMPLAINT** |
| | ) | |
| NATIONWIDE MUT. INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW PLAINTIFF, Mark C. Huggins, as owner of the M/Y PIER PRESSURE, by and Through undersigned counsel, who hereby file this Complaint against Defendant Nationwide Mutual Insurance Company, and who hereby avers, alleges, and states as follows:

## PARTIES

1.     Plaintiff, Mark C. Huggins ("Huggins") is a natural person over the age of majority and a citizen, resident and Domiciliary of the State of South Carolina.

2.     Defendant Nationwide Mutual Insurance Company ("Nationwide"), is a corporation organized and existing under the laws of the State of Ohio, having its office and principal place of business located at One Nationwide Plaza, 300 N High St, Columbus, OH 43215.

3.     Nationwide is in the business of insuring risks such as those that are the subject of this Complaint and is licensed to do business and insure risks by the State of South Carolina, and does engage in the business of insuring risks within the State of South Carolina and the Jurisdiction of this Honorable Court.

1

## JURISDICTION

4.      This is a matter involving a contract of marine insurance, which is a maritime contract. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. 1333.

5.      This controversy is between citizens of different states, and the amount in controversy exceeds $75,000. Accordingly, this Court has Jurisdiction over this matter pursuant to 28 U.S.C. 1332.

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2), as the policy of insurance was delivered in this State and insured interests in Charleston, South Carolina, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

7.      This action is governed by the General Maritime Law of the United States, as supplemented by applicable state law.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Maritime Contract)

8.      Huggins is the Owner of the M/Y PIER PRESSURE, a 32' Sea Ray Sundancer 320 motor yacht built in 2001, assigned Hull Identification number ("the Vessel").

9.      Huggins purchased a policy of insurance from Nationwide insuring the subject Vessel and her contents against loss, being Nationwide Policy No. 6139BT002285 (the Policy). A copy of the Policy is attached as Exhibit "A".

10.     The Policy was a mutually binding contract of insurance in full force and effect for the period from Jun 11, 2023 to Jun 11, 2024.

11.    The Policy is an "all risks" policy as that phrase is construed in the General Maritime Law of the United States, being comprised of coverage for all losses resulting from "collision" and all losses "not caused by collision", plus coverage for salvage awards, recovery, and haul outs.

12.    The Policy is a modified Agreed Value policy, by which Huggins and Nationwide agreed to pay the "Rating Unit" of $45,050 for the actual or constructive total loss of the Vessel, unless the Actual Cash Value was proven to be lower.

13.    On or about July 23, 2023, while the Vessel was docked at Charleston Harbor Resort Marina ("the Marina") on the seaward side of the Cooper River, a navigable water way, the Vessel began taking on an unusual volume of water and sank to the point she was hanging on her lines, and the engine and cabin were flooded.  At that point, the vessel was a Total Loss or Constructive Total Loss as that term is defined by the General Maritime Law and the policy.

14.    Huggins discovered the loss on July 23, 2023, and immediately reported the claim to Nationwide.

15.    The initial action, if any, taken by Nationwide is unknown to Huggins.  However, communications and admissions from Nationwide's claim representatives confirmed that an auto claims adjuster was dispatched to take photos of the vessel, that Nationwide never engaged a professional Marine Surveyor to inspect the vessel or review the claim, and did not hire an engineer or other person qualified by education or experience to determine the cause of the loss.

16.    It is common knowledge amongst recreational marine industry professionals that, when an engine is subjected to saltwater intrusion from either being submerged or water entering its exhaust, immediate action must be taken to remove the saltwater, rinse and clean all parts

3

exposed to seawater, and "pickle" the engine in order to save it from being permanently damaged from corrosion.

17.    Rather than initiating a proper investigation to determine the cause of the loss, the extent of the water damage to the engine and interior of the vessel, and the steps required to remediate the loss, Nationwide ceased all action on the claim and, based on photographs taken by the auto claims adjuster, determined that the entire loss was the result of a simple bilge pump failure that fell within one or more exclusions in the Policy.  This conclusion was false, factually, and without legal basis to deny coverage under the policy.

18.    Nationwide formally denied coverage on August 11, 2023, some 19 days after receiving Notice of the Claim.

19.    As a result of the loss, the vessel was inoperable, and Huggins was unable to move the vessel from the Marina to another location that would haul and store the hull.  As a result, Huggins incurred $12,224 in dockage and related expenses, plus post-judgment interest pursuant to South Carolina law.

20.    By denying coverage for this loss, Nationwide breached its own contract by unreasonably denying benefits mentioned in the Policy, failing to provide assistance outlined in the Policy, and denying the entirety of the claim without proper investigation.

21.    Huggins paid all premiums that were due and payable, gave timely notice to Nationwide of the loss, made all appropriate and required demands and claims for payment, and has otherwise complied with all express and implied warranties and other conditions precedent and subsequent applicable to coverage under the Policy.

4

22.     The Vessel was damaged by a sudden flooding.

23.     Sudden flooding is an insured peril under the Policy.

24.     No exclusion applies that would prevent insurance coverage under the Policy.

25.     By its failure to properly inspect and adjust the Claim, Nationwide waived any and all policy  defenses, which are nonetheless denied by Huggins.

26.     Nationwide has failed to pay Huggins for the total loss under the Policy.

27.     Nationwide has failed to comply with its duty under the contract to pay all amounts due under the Policy for the loss.

28.     Nationwide has breached the contract of insurance with Huggins by its failure, refusal and neglect to properly adjust or pay the balance of Huggins's claim to include the full amount of the stated coverages to Huggins under the Policy.

29.     Huggins is entitled to recover all of the benefits accorded by the contract of insurance, including the full amount of the coverage under the Policy as contract damages, plus pre-judgment interest from the date of loss until paid in full.

<u>FOR A SECOND CAUSE OF ACTION</u>
**(Bad Faith Failure to Provide Insurance Benefits)**

30.     Plaintiff incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

31.     Nationwide owed Huggins a duty to treat Huggins fairly, reasonably, and in good faith in connection with the handling and adjustment of his claim, and to do nothing to impair Huggins's right and ability to receive all of the benefits provided under the Policy of insurance in a timely fashion.

32.     Huggins reposed in Nationwide and its agents a special trust and confidence that it would assist him and treat him fairly and honestly in the handling of his claim.

33.     Nationwide and its Agents breached their duty to Huggins in the handling and adjustment of his claim in the following particulars:

- by failing and refusing to complete the adjustment of the claim;

- by failing and refusing to provide Huggins with any reasonable or justifiable basis under the facts of the claim or applicable law for denying portions of Huggins's claim;

- by acting in a manner to protect its own financial interest at the expense of and in disregard of Huggins's rights;

- by failing to attempt in good faith to affect a prompt, fair and equitable settlement of Huggins's claim despite the fact that liability is incontestable, and the loss is a total loss entitling him to recover the stated value of the Vessel under the Policy;

- by refusing, neglecting and failing to promptly pay or adjust the claim under the Policy, thus requiring Huggins to retain counsel to assist him in recovering the amounts reasonably due and payable under the Policy;

- by engaging in various other practices which resulted in an unreasonable delay in paying and adjusting Huggins's claim, all of which constitute an unreasonable failure to pay or settle in full Huggins's claim under the Policy,

    and,

- by failing to adopt and implement reasonable standards for the investigation, adjustment and settlement of claims, or in failing to follow standards for the investigation, adjustment and settlement of the claims established.

34.     Nationwide and its agents acted unreasonably, willfully, in bad faith, and with reckless disregard of Huggins's rights in refusing to pay the benefits due him under the contract of insurance.

35.     As a direct and proximate result of Nationwide's bad faith and unreasonable action in breaching the implied covenant of good faith and fair dealing arising under the contract, together with its refusal to pay benefits due and owing, Huggins has suffered actual damages which are ongoing and which to date exceed $80,000, in additional to the Agreed Value of the Vessel which should have been paid to Huggins within 30 days of the Occurrence, but which shall be determined by the trier of fact, and including the cost of repairing the actual damage to the Vessel, the loss of business, wages, catch, goodwill, and all profits incident thereto.

36.     Because the actions and conduct of Nationwide toward Huggins were intentional, reckless, willful, in reckless disregard of Huggins's rights under the contract of insurance and in bad faith, Huggins is entitled to an award of punitive damages.

### FOR A THIRD CAUSE OF ACTION
**(Statutory Attorney's Fees)**

37.     Plaintiff incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     In accordance with the provisions of S.C. Code Ann. § 38-59-40, Nationwide owed a duty as an insurer to Nationwide to pay Huggins's claim within 90 days after the claim was made. Nationwide has failed or refused to pay Huggins's claim within 90 days without reasonable cause or in bad faith, or both.

39.     Accordingly, Huggins is entitled to an award of attorney's fees as a matter of right, in an amount to be determined by the Court following issuance of Judgment by the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, Huggins Prays that this Honorable Court cite Nationwide to for all matters appearing herein, and Grant Huggins judgment on his claims, as follows:

On the First Cause of Action, for the full amount of actual, consequential, incidental and compensatory damages to which Huggins is entitled, plus prejudgment interest; and

On the Second Cause of Action, for all actual, consequential, incidental, compensatory and all punitive damages to which Nationwide is entitled, plus pre-judgment interest; and

On the Third Cause of Action, for an award of statutory attorney's fees and expenses; and, for his costs incurred herein together with such other relief that is fair and equitable; and

FOR ALL SUCH FURTHER RELIEF AS THIS COURT MAY DEEM JUST AND RIGHT FOLLOWING THE TRIAL OF THIS CAUSE.

Respectfully submitted,

/s/ David B. Marvel
David B. Marvel (Fed. I.D. #7957)
PO Box 77
Ellijay, Georgia 30540
Phone: (843) 696-8386
Fax: (843) 773-4877
Email: dave@marvel.lawyer

*Attorney for the Plaintiff,*
*Mark C. Huggins*

July 22, 2026
Charleston, South Carolina

8